# UNITED STATES DISTRICT COURT

_____ DISTRICT OF MASSACHUSETTS _____

UNITED STATES OF AMERICA

v.

RASHEED MARSMAN
80A CEDAR STREET
ROXBURY, MASSACHUSETTS

**CRIMINAL COMPLAINT**

M.J. No.: 2006-MJ-0422-RBC

(Name and Address of Defendant)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about **December 6, 2005** in **Suffolk County** in the District of **Massachusetts**, defendant, being a person previously convicted of a crime carrying a term of imprisonment in excess of one year, did knowingly or intentionally possess a firearm and ammunition, to-wit: a Ruger .45 auto pistol, Model P345, with an obliterated serial number and 8 rounds of Federal .45 auto ammunition, in violation of Title **18** United States Code, Section **922(g)(1)**. I further state that I am an **ATF Special Agent** and that this complaint is based on the following facts:

**Please see attached Affidavit of Special Agent Lisa A. Rudnicki**

continued on the attached sheet and made a part hereof: [x] Yes  [ ] No

_____
Signature of Complainant
Special Agent Lisa A. Rudnicki

Sworn to before me and subscribed in my presence,

FEB - 7 2006

February __, 2006         at    Boston, Massachusetts
Date                            City and State

ROBERT B. COLLINGS
United States Magistrate Judge                    _____
Name and Title of Judicial Officer                Signature of Judicial Officer

## AFFIDAVIT

I, Lisa Rudnicki, having been duly sworn, on oath depose and state that:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco and Firearms ("ATF"), and have been so employed since February of 1996. In that capacity, I investigate violations of the federal firearms statutes and have participated in numerous investigations relating to the unlawful possession of firearms and ammunition.

2. Based on my training and experience, I am aware that Title 18, United States Code, Section 922(g)(1) makes it a federal offense for any individual who has previously been convicted of a crime punishable for a term exceeding one year to possess a firearm or ammunition in or affecting interstate commerce. Having so stated, I make this affidavit in support of complaints charging two individuals, **RASHEED MARSMAN ("MARSMAN")** and **MICHAEL SOARES ("SOARES")** with being a felon in possession of a firearm and ammunition in violation of that statute.

3. The statements contained in this affidavit are based on my own investigation and on information provided to me by officers of the Boston Police Department. This affidavit is submitted for the limited purpose of establishing probable cause to believe **MARSMAN** and **SOARES** violated 18 U.S.C. §922(g)(1), and therefore does not set forth all of the information that I and

other law enforcement personnel have obtained during the course of this investigation.

4. At approximately 1:18 a.m. on December 6, 2005, Boston Police Officers Jason Reid and Linwood Jenkins were on patrol in an unmarked police car in the Park Plaza Bay Village area of Boston. Officer Jenkins was driving the unmarked BPD cruiser; Officer Reid was the front passenger. As of December 6, 2005, both officers were aware that the area in which they were patrolling had been the scene of a number of recent firearm recoveries and shootings.

5. The officers observed a 2001 green Lexus, MA license plate 35PP11 ("the Lexus"), pulling away from the curb near 150 Boylston Street without the use of headlights and with a defective rear taillight. Officer Jenkins activated the cruiser's emergency lights and sirens in an attempt to conduct a motor vehicle stop.

6. After the cruiser's emergency lights and siren had been activated, both officers saw the driver of the Lexus (later identified as Allen Lee) and the front seat passenger (later identified as **SOARES**) make gestures as if they were placing objects on the floor of the car. Specifically, the officers noted that Lee made a downward movement to his left (towards the driver's side door) and that **SOARES** made a downward movement to his left (towards the center console). The officers also noted

that a third individual (later identified as **RASHEED MARSMAN**) was sitting in the rear of the car.

7. Once the Lexus had come to a stop, the officers got out and approached the car, with Officer Jenkins going up the driver's side while Officer Reid covered the passenger side of the vehicle. As they were approaching the Lexus, BPD Officer Jeff Lapolis and Sergeant Brooks arrived to assist.

8. Officer Jenkins went to the driver's side window and asked Lee for his license and registration. As Lee produced them, Officer Reid (who was standing at the front passenger door) saw a small jar at Lee's feet containing a green leafy substance that he believed to be marijuana. Based on that observation, the furtive gestures that the officers observed both front-seat occupants make as the Lexus was pulled over, and the time and location of the stop, the officers ordered Lee and **SOARES** out for the purposes of pat frisking them and performing a protective sweep of the car.

9. Both Lee and **SOARES** got out of Lexus. **SOARES** was pat frisked by Officer Lipolis, who felt a hard object in **SOARES**'s waistband consistent with a firearm. Officer Lipolis immediately yelled out "Gun" to alert the other officers.

10. Once Officer Lipolis yelled out "Gun," **SOARES** began to struggle with him and Sgt. Brooks. Lipolis and Brooks were able

to subdue **SOARES** and recovered a 9mm Sig Sauer pistol containing 5 rounds of ammunition from **SOARES'** right front waistband.

11.   As **SOARES** began to struggle with Officer Lipolis and Sgt. Brooks, Officer Jenkins ordered Lee (who was gotten out of the driver's side door) to get down on the ground for his own safety.  As Lee did so, Officer Reid saw **MARSMAN** (who was still sitting in the back seat) moving up and down in his seat as if he was getting ready to jump out of the car. Officer Reid told **MARSMAN** to stay still several times.  **MARSMAN** nevertheless opened the rear passenger door and fled across Stuart Street.

12.   Officers Jenkins and Reid pursued **MARSMAN** as he ran up Stuart Street and then took a right onto Warrenton Street. Officer Jenkins was closer to **MARSMAN** and could see that **MARSMAN**'s was running with his hands in front of him, not moving them as they would be with a natural stride.

13.   At about 99 Warrenton Street, **MARSMAN** ran around a corner into a small parking lot.  As he did so, Officer Jenkins heard the sound of a metal object hitting the pavement and noted that **MARSMAN** was now running with his arms moving in a full stride. Officer Jenkins continued his pursuit of **MARSMAN** as Officer Reid slowed down and observed a firearm in the area where **MARSMAN** had taken the corner.

14.    Officer Reid recovered a loaded .45 auto Ruger pistol from the parking lot.  **MARSMAN** was subsequently located hiding in

4

the bushes in the rear of the New England Medical Center Children Floating Hospital. **MARSMAN** was apprehended after a brief struggle with Officers Jenkins, Reid, and additional assisting Officers Broderick and Yanovich.

15.   The firearm recovered from **SOARES** is a Sig Sauer, .9 mm pistol, Model P-228, bearing serial number B223173. The firearm was loaded with five rounds of 9mm luger ammunition to include 3 rounds of FC brand and 2 rounds CBC brand ammunition. The firearm recovered from **MARSMAN** is a Ruger, .45 auto pistol, Model P345, with an obliterated serial number. The firearm was loaded with 8 rounds of Federal .45 auto ammunition.

16.   The firearms and ammunition recovered from **SOARES** and **MARSMAN** were thereafter examined by ATF Special Agent Philip Ball.  S/A Ball is certified to conduct interstate nexus examinations of firearms and ammunition.  He determined that neither the guns nor ammunition were manufactured in Massachusetts, meaning that both firearms and the ammunition they contained necessarily traveled across a state line or international boundary before being recovered from **SOARES** and **MARSMAN** on December 6, 2005. Special Agent Ball additionally determined that both firearms meet the federal definition of a firearm as defined in 18 U.S.C. 921(a)(3)(A) as both firearms are designed to expel a projectile by the action of an explosive.

17.   I have reviewed both **SOARES'** and **MARSMAN**'s criminal

5

record as maintained by the Massachusetts Criminal History Systems Board. It reveals, among other things, that **SOARES** was convicted in Roxbury District Court in 2005 for Assault and Battery on a Police Officer. **MARSMAN** was convicted in Roxbury District Court in 2001 for 2 separate arrests for Possession to Distribute Class B Narcotics. I understand that these are all crimes punishable by a term of imprisonment exceeding one year under Massachusetts law.

18. Based on the foregoing, I submit that there is probable cause to believe that, on or about December 6, 2005, **MICHAEL SOARES** and **RASHEED MARSMAN**, both having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, did possess, in and affecting commerce, a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

LISA RUDNICKI
Special Agent, ATF

Sworn and subscribed to before me this 7th_day of February, 2006.

ROBERT B. COLLINGS
U.S. Magistrate Judge

HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
United States District Court
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 7420
Boston, Massachusetts 02210

6